IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VINCENT CONSTANTINE HUTCHINS, )
    Petitioner, )
     )
    v. )   Criminal No. 1:00cr253
     )   Civil Action No. 1:08cv442
UNITED STATES OF AMERICA, )
    Respondent. )

## ORDER

The matter is before the Court on the *pro se* petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Both petitioner and the government have fully briefed the issues raised in petitioner's motion and the matter is now ripe for disposition. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

I.

The facts and procedural history pertinent to the instant motion are briefly recited here.

On July 24, 2000, petitioner pled guilty to a one-count criminal information charging him with conspiracy to distribute hashish oil, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following the plea, and at the parties' request, petitioner's pretrial release was continued on conditions pursuant to 18 U.S.C. § 3145(c) to allow petitioner to continue his active cooperation with the government. Sentencing was scheduled for October 13, 2000. Yet, prior to this date, petitioner fled from this

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

jurisdiction, traveling first to Jamaica, then later to the Bahamas, where he remained a fugitive for approximately five years. Petitioner was ultimately apprehended and returned to this District in 2006 for sentencing on the instant offense. In the course of the sentencing proceedings, petitioner was assessed, *inter alia*, a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. On February 3, 2006, he received a sentence of 192 months imprisonment, to be followed by three years of supervised release.

Petitioner appealed his sentence to the Court of Appeals for the Fourth Circuit, filing a *pro se* brief challenging his sentencing guidelines calculations and asserting constitutional error.[2] *See United States v. Hutchins*, 219 F. App'x 292, 293 (4th Cir. 2007). Specifically, petitioner argued on appeal that the obstruction enhancement was improper and in violation of *United States v. Booker*, 543 U.S. 220 (2005), given that the necessary factual findings for the enhancement were not found by a jury beyond a reasonable doubt. *See Hutchins*, 219 F. App'x at 293. On March 5, 2007, the Fourth Circuit affirmed petitioner's conviction, holding that imposition of the obstruction enhancement was proper regardless of the fact that petitioner could have faced a separate failure to appear charge under 18 U.S.C. § 3146. *Id.* The Fourth Circuit further held that application of the enhancement did not "run afoul of *Booker* or the Sixth Amendment" in any respect, as alleged by petitioner in his *pro se* appellate brief. *Id.* To be sure, the Fourth Circuit made clear that even after *Booker*, district courts should continue to apply a preponderance of the evidence standard in determining whether such an enhancement is warranted, as was done here, taking into account that the resulting guidelines range is merely advisory. *Hutchins*, 219 F. App'x at 293 (citing *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005)).

---

[2] Petitioner's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), acknowledging the absence of any meritorious issues on appeal.

Within one year of the Fourth Circuit's decision, petitioner filed the instant motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, asserting three claims of ineffective assistance of counsel, each of which is addressed here.

II.

It is well-settled that a two-prong test applies to ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *U.S. v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981). Specifically, to prevail on such a claim, a petitioner must show, first, that counsel's performance "fell below an objective standard of reasonableness," and second, that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688. In other words, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Moreover, in all such claims alleging ineffective assistance of counsel, a petitioner must overcome the strong presumption that counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Id.* at 690.

With these as the guiding principles, petitioner first claims that counsel was ineffective "because he allowed the movant to be unconstitutionally enhanced" at sentencing. Mot. at 4. Despite petitioner's argument in this regard, counsel's performance with respect to the obstruction enhancement clearly did not "f[a]ll below an objective standard of reasonableness," as required by *Strickland*, 466 U.S. at 688. To the contrary, the record reflects that petitioner's counsel argued vigorously against application of the obstruction enhancement, both in a written sentencing memorandum and in the course of argument at the sentencing hearing. Moreover, given the Fourth Circuit's ruling on direct appeal that application of the obstruction enhancement was entirely appropriate in the circumstances presented here, petitioner is unable to establish any prejudice with

respect to this particular claim sufficient to meet the *Strickland* ineffective assistance of counsel standard. *Strickland*, 466 U.S. at 688.[3]

Petitioner next claims that "counsel was ineffective because the movant's plea was involuntary." Mot. at 7. This claim, like the first, plainly fails, as it is flatly contradicted by petitioner's own sworn statements made in the course of the plea hearing. Indeed, at the conclusion of a lengthy Rule 11 plea colloquy, petitioner was specifically asked whether he was pleading guilty "freely, willingly and voluntarily because [he was], in fact, guilty," to which petitioner replied, unequivocally, "Yes, sir." Plea Transcript at 20. Petitioner also acknowledged, under oath, that he was "fully satisfied with the advice and counsel" provided to him in connection with this case. *Id.* at 8-9. In the circumstances, and given the Fourth Circuit's recognition that "a defendant's solemn declarations in open court affirming [a plea] agreement...'carry a strong presumption of verity'...[and] present 'a formidable barrier in any subsequent collateral proceedings,'" petitioner is simply unable to meet either prong of the *Strickland* ineffective of counsel standard with respect to his second claim. *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Petitioner's third and final claim is that "counsel was ineffective because the movant's criminal history was over represented and in violation of *Booker*." Mot. at 8. In this regard, petitioner appears to object to the Probation Officer's assessment of one criminal history point for

---

[3] Petitioner also raises the obstruction issue as a separate substantive claim, arguing that he was "unconstitutionally enhanced for obstruction of justice." Mot. at 5. This issue was already raised and rejected on direct appeal and petitioner is thus prohibited from reasserting the argument now in the context of his collateral attack. *See United States v. Linder*, 552 F.3d 391 (4th Cir. 2009) (recognizing that a petitioner "may not circumvent a proper ruling...on direct appeal by re-raising the same challenge in a § 2255 motion") (citations omitted); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that "Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court in [his direct appeal]").

a 1996 misdemeanor battery offense for which petitioner received only one year of probation and no term of imprisonment.[4] Specifically, petitioner contends that this offense should not have been included in his criminal history calculation in light of U.S.S.G. § 4A1.2(c)(1), which provides that certain categories of misdemeanor offenses are counted only if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." What petitioner overlooks, however, is that a prior <u>battery</u> conviction, as involved here, is always and appropriately counted in a defendant's criminal history calculation, regardless of the term of probation or imprisonment, as battery is not one of the categories of offenses specified in § 4A1.2(c)(1).[5] The assessment of one criminal history point for this prior battery offense was therefore proper pursuant to U.S.S.G. § 4A1.1(c).[6] Even so, the record reflects that counsel nonetheless objected to the assessment of this one criminal history point in petitioner's original sentencing memorandum, filed in 2000 before petitioner fled the country.[7] While counsel did not renew this argument in petitioner's 2006

---

[4] Petitioner did not file a supporting memorandum together with his bare-bones § 2255 motion. Instead, the only memorandum filed by petitioner in this instance was a two-page reply to the government's memorandum in opposition. It is only in that reply does petitioner make this specific allegation with respect to his criminal history calculation.

[5] The listed categories of offenses in § 4A1.2(c)(1) are (i) careless or reckless driving, (ii) contempt of court, (iii) disorderly conduct or disturbing the peace, (iv) driving without a license or with a revoked or suspended license, (v) false information to a police officer, (vi) gambling, (vii) hindering or failure to obey a police officer, (viii) insufficient check funds, (ix) leaving the scene of an accident, (x) non-support, (xi) prostitution, (xii) resisting arrest and (xiii) trespassing. U.S.S.G. § 4A1.2(c)(1).

[6] This one point, combined with the assessment of three additional points for a 1990 drug conspiracy conviction, resulted in a total of four criminal history points in the original Presentence Investigation Report, placing petitioner in a Criminal History Category III.

[7] *See* Docket #26, p. 2 (stating that "the defendant is entitled to category II criminal history inasmuch as he pled to a misdemeanor not a felony[,] was never armed with any weapon and made no threats while armed. He received the minimum sanction allowable by Florida Law and...should not be given one criminal history point for that misdemeanor offense").

sentencing memorandum, but instead reasonably chose to focus primarily on *Booker*-related arguments in that pleading, the argument had previously been raised in a written pleading and was thus incorporated in the record, thereby negating petitioner's allegation of deficient performance on the part of counsel as to this issue. *Strickland*, 466 U.S. at 688. In any event, because the assessment of one criminal history point for the disputed prior battery offense was entirely proper under the guidelines, petitioner suffered no prejudice in this instance.[8] *Id.* His third ineffective assistance of counsel argument must therefore be rejected.

III.

For the foregoing reasons, and for good cause,

It is hereby **ORDERED** that petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

It is further **ORDERED** that petitioner's request for an evidentiary hearing is **DENIED**, as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[9]

---

[8] It should also be noted that the revised 2006 Presentence Investigation Report prepared after petitioner was apprehended and returned to this District for sentencing included two additional criminal history points for a 2005 conviction for making false statements in a passport application, committed while petitioner was a fugitive. *See* U.S.S.G. § 4A1.2, Application Note 1 (providing that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense"). While inclusion of these two additional points did not change petitioner's resulting criminal history category — he was still a Category III with six criminal history points — it is significant to note that any argument under U.S.S.G. § 4A1.3 that petitioner's criminal history was somehow overstated at the time of the 2006 sentencing hearing would have been meritless. Thus, counsel did not act in an objectively unreasonable manner in failing to raise any such argument in the course of the sentencing proceedings; nor did petitioner suffer any prejudice in this regard. *Strickland*, 466 U.S. at 688.

[9] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is

Should petitioner wish to appeal this Order he must do so by filing a notice of appeal within sixty (60) days pursuant to Rules 3 and 4, Fed. R. Crim. P.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, VA
March 12, 2009

---

entitled to no relief").